**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:19-CV-00102-LLK**

DAVID ALAN SCHWARZ                                                          PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for social security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 17-1 and 22. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 13].

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's two arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's second-step findings are supported by substantial evidence.**

First, Plaintiff argues that "the ALJ failed to find [his] spine impairments severe at Step 2 [of the sequential evaluation process], in spite of supporting medical findings, and failed to consider this impairment at any subsequent step." [DN 17-1 at 6].

The only evidence Plaintiff cites in support of his argument that the ALJ's second-step findings are unsupported is a cervical spine x-ray from July 2012, which showed "mild cervical spondylosis present with uncovertebral hypertrophy, endplate hypertrophy, and disk space narrowing C6-C7" [Administrative Record ("AR") at 685] and physiotherapy notes from July 2017 [AR at 757-63], which Plaintiff characterizes

as showing "limited spinal range of motion … that … caused him difficulty in performing his activities of daily living."  [DN 17-1 at 7].

The x-ray evidence does not prove the existence of a severe, or vocationally significant, impairment because, as Plaintiff himself states (in another context), "a lay person [is] not qualified to interpret the raw medical data into functional limitations without the aid of a medical opinion."  *Id.* at 9 (referencing *Deskins v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)); *see also Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013) ("The mere diagnosis of [an impairment] ... says nothing about the severity of the condition.")  While Plaintiff was arguing that, as a lay person, the **ALJ** was not qualified to interpret raw medical data in functional terms, the same applies to Plaintiff and this Court. To show a severe impairment prior to the date last insured, Plaintiff needed an opinion of an acceptable medical source stating that the cervical spine x-ray indicates a vocationally significant, medical determinable impairment that satisfies the 12-month duration requirement.

The July 2017 physiotherapy notes do not prove the existence of a severe impairment because Plaintiff claims entitlement to disability insurance benefits under Title II of the Social Security Act and he was last insured for Title II benefits on March 31, 2015.  [AR at 17].  "To surmount the step two hurdle, [Plaintiff] bears the ultimate burden of establishing that the administrative record contains objective medical evidence suggesting that [he] was 'disabled,' as defined by the Act, on or prior to the date [he] was last insured."  *Despins v. Comm'r*, 257 F. App'x 923, 929 (6th Cir. 2007).  "Evidence of disability obtained after the expiration of insured status is generally of little probative value."  *Strong v. Comm'r*, 88 F. App'x 841, 845 (6th Cir. 2004).  Additionally, the physiotherapy notes do not prove the existence of a severe impairment because they were not from an acceptable medical source and they were based primarily on Plaintiff's self-reported limitations.

**The ALJ's RFC findings are supported by substantial evidence.**

Second, Plaintiff argues that "the ALJ's RFC [residual functional capacity] determination is unsupported by substantial evidence as [the ALJ] failed in his duty to develop the record and obtain an updated medical opinion given that [the ALJ] found the only opinions of record [regarding Plaintiff's RFC, which came from the state agency reviewing physicians] to be stale." [DN 17-1 at 8].

In October 2016, upon initial determination of Plaintiff's claim, the state agency reviewing physician, H. Bronstein, M.D., opined that, prior to March 31, 2015 (the date last insured), Plaintiff could perform a limited range of light work. [AR at 58-60]. In April 2017, upon reconsideration, another reviewing physician, Reeta Misra, M.D., opined there was a lack of medical evidence to conclude Plaintiff suffered (prior to the date last insured) from a severe medically determinable impairment. *Id.* at 70-71. The ALJ gave the opinions of Drs. Bronstein and Misra "little weight" for four reasons. The opinions: 1) were "obviously inconsistent with each other"; 2) were "not well supported by citation to objective evidence"; 3) were "rendered by physicians who never had the opportunity to examine" Plaintiff; and 4) were not based on review of "additional medical records … admitted into the record since [the physicians] rendered their opinion." [AR at 22]. Plaintiff repeatedly asserts that, in light of reason no. 4, the ALJ found the opinions of the state agency reviewing physicians to be "stale," which allegedly triggered a duty on the ALJ's part to obtain an updated opinion concerning Plaintiff's RFC. [DN 17-1 at 8, 9 referencing AR at 22].

Plaintiff's argument is unpersuasive for three reasons. First, the ALJ did **not** find the opinions of the state agency reviewing physicians to be "stale." [AR at 22]. Second, "[t]here will always be a gap between the time the agency experts review the record and give their opinion … and the time the hearing decision is issued." *Kelly v. Comm'r*, 314 F. App'x 827, 831 (6th Cir. 2009). "[A]n ALJ may rely on the opinion of a consulting or examining physician who did not have the opportunity to review later-submitted medical records if there is 'some indication that the ALJ at least considered these facts.'" *Spicer v. Comm'r*,

651 F. App'x 491, 493–94 (6th Cir. 2016) (quoting *Blakley v. Comm'r*, 581 F.3d 399, 409 (6th Cir. 2009)).

The ALJ's decision reflects consideration of the later-submitted medical records.  [AR at 19-23].  Third, it

was Plaintiff's burden to prove his RFC was disabling prior to March 31, 2015.  *See* 20 C.F.R. §§ 404.1512(a)

("In general, you have to prove to us that you are blind or disabled") and 404.1545(a)(3) ("In general, you

are responsible for providing the evidence we will use to make a finding about your [RFC]").

### Order

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence

and Plaintiff's two arguments are unpersuasive, the Commissioner's final decision is hereby AFFIRMED

and Plaintiff's complaint is DISMISSED.

May 13, 2020

**Lanny King, Magistrate Judge**
**United States District Court**